1737

C.T. LOWNDES & COMPANY, Respondent v. SUBURBAN GAS & APPLIANCE CO., INC., Southside Oil Co., Inc., Tucker W. McLaughlin, and Petrolane Gas Services, Inc., of whom Southside Oil Co., Inc., and Tucker W. McLaughlin are the Appellants.

(415 S.E. (2d) 404)

Court of Appeals

*M. Dawes Cooke, Jr.* and *B.C. Killough,* both of Barnwell, *Whaley, Patterson & Helms,* Charleston, *for appellants.*

*Charles S. Bernstein,* of *Charles S. Bernstein, P.A.,* Charleston, *for respondent.*

Heard Nov. 6, 1991; Decided Dec. 9, 1991.

Reh. Den. Apr. 2, 1992.

GARDNER, Judge:

C.T. Lowndes (Lowndes) brought this action to recover an indebtedness against Suburban Gas & Appliance Co. (Suburban). Lowndes also sought to pierce the corporate veil of Suburban to hold Southside Oil Co., Inc. (Southside) liable and then to pierce Southside to hold Tucker McLaughlin (McLaughlin) liable since he was the sole owner of both corporations. The case was tried before the judge without a jury and he awarded Lowndes a verdict of $18,398.62 and found that the corporate veils of both Suburban and Southside should be pierced. We affirm.

## ISSUE
Did the trial judge err in piercing the corporate veils of Suburban and Southside?

## FACTS
Lowndes was an insurance agent of Suburban. Suburban was indebted to Lowndes for earned premiums which Lowndes had paid the insurance company.

On July 8, 1986, Southside purchased the stock of Suburban for $1.5 million. That same day Suburban sold the majority of its assets to Petrolane for $1,575,000. On the day of the closing Suburban had 35 trade creditors with unpaid bills. Lowndes filed this action on April 9, 1987. The case was tried as an action on account against Suburban and an action to pierce the corporate veils of Suburban and Southside and to hold McLaughlin personally liable for the debt. The trial judge, by the appealed order, found that Lowndes had earned premiums for insurance provided to Suburban and found as a matter of fact and law that the corporate veils of both Suburban and Southside should be pierced to establish liability for the debt against McLaughlin.

The trial court found that McLaughlin directed the payment of $626,073.35 for the use and benefit of himself, his family, friends, associates and Southside, which is wholly owned by McLaughlin. These payments were made out of Suburban's corporate account without invoices, records or corporate resolutions reflecting the basis or justification

therefor. The court further found that Suburban, while under the exclusive control of Southside and McLaughlin, failed to retain sufficient assets to pay its creditors, failed to file tax returns for 1986 and 1987, failed to keep appropriate records or observe corporate formalities, functioned only through McLaughlin without the contribution of other officers and directors except his son, William W. McLaughlin, who did only what McLaughlin directed.

The court held as a matter of law that Southside and Suburban were under the exclusive control and domination of McLaughlin and that the corporations were merely facades for McLaughlin's personal activities and functioned solely for his financial advantage. The court further held that McLaughlin personally caused the assets of Suburban to be sold to Petrolane and siphoned the net proceeds of that sale out of Suburban for his own benefit and for the benefit of Southside, which he owned, and that the funds received by Southside inured solely to McLaughlin's benefit as its sole owner.

The court further found as a consequence, Suburban was left incapable of paying its creditors. Based upon these findings and holdings, the trial judge ordered that the corporate veils of both corporations be pierced so that McLaughlin individually was liable for the indebtedness to Lowndes.

## DISCUSSION

Considering the evidence in a light most favorable to Lowndes, we hold that there is an abundance of evidence to support the findings of fact as to the debt owed Lowndes and that the preponderance of the evidence of record supports the legal conclusion of the trial judge.

An action to pierce the corporate veil is one in equity. In an action in equity, this Court may determine the facts according to its own view of the preponderance of the evidence. *Sturkie v. Sifly*, 280 S.C. 453, 313 S.E. (2d) 316 (Ct. App. 1984).

Under *Sturkie*, the Court set a two-pronged test which should be used to determine whether corporate entities should be disregarded and test in order to render judgment against an individual. The factors of the first prong are (1) whether the corporation was grossly undercapitalized; (2) failure to observe corporate formalities; (3) nonpayment of

dividends; (4) insolvency of the debtor corporation at the time; (5) siphoning of funds of the corporation by the dominant stockholder; (6) nonfunctioning of other officers or directors; (7) absence of corporate records; and, (8) the fact the corporation was merely a facade for the operations of the dominant stockholder. *Sturkie* then holds, with respect to the second prong "there be an element of injustice or fundamental unfairness if the acts of the corporation be not regarded as the acts of the individuals." *Sturkie*, 313 S.E. (2d) at 318.

In the case of *DeWitt Truck Brokers v. W. Ray Flemming Fruit Co.*, 540 F. (2d) 681 at 683 (4th Cir. 1976) the court stated:

> [T]his concept of separate entity is merely a legal theory, "introduced for purposes of convenience and to subserve the ends of justice," and the courts "decline to recognize [it] whenever recognition of the corporate form would extend the principle of incorporation 'beyond its legitimate purposes and [would] produce injustices or inequitable consequences.' " [Footnotes omitted.]

We have carefully studied the entire record of this case and find that there is abundance of evidence to support the trial judge's finding as to the requirements of *Sturkie*. This Court is concerned with reality and not form. We join the trial court in holding that the preponderance of the evidence supports the proposition that the corporate veils of the two corporations should be pierced and that all of the requirements of *Sturkie* are supported by the preponderance of the evidence.

## CONCLUSION

For the above reasons, we affirm the appealed order.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.