14391

EARLE v. WEBB *ET AL.*

(Asbury *et al.*, Interveners)

(188 S. E., 798)

176

*Messrs. H. K. Townes* and *B. F. Martin,* for appellants,

*Messrs. R. N. Ward, W. G. Sirrene* and *Haynesworth & Haynesworth,* for plaintiff-respondent;

December 2, 1936.

The opinion of the Court was delivered by Mr. Justice Baker.

On October 2, 1934, the stockholders of Mechanics Building & Loan Association voted to go into liquidation, and wind up its affairs, and for the purpose of carrying out said intent, appointed a liquidating committee. On December 12, 1934, in order to aid in and facilitate the liquidation of said Association, the State Board of Bank Control, appointed plaintiff-respondent as Conservator thereof. This was done pursuant to an Act of the Legislature, approved May 16, 1933. This Act also provided that Conservators appointed by authority of same, may apply to the Courts for directions and instructions on questions arising in the liquidation of such Associations.

In August, 1935, plaintiff-respondent commenced an action in the Court of Common Pleas for Greenville County against certain individuals, alleged to represent every class of stockholder of the association, and against such stockholders as representing a class of stockholders, the number of stockholders being too numerous to make it practicable for each stockholder to be made a party; the purpose of the action being to get instructions from the Court in reference to liquidating the affairs of the Association, especially as to priority among the various classes of stockholders; to enjoin all creditors, stockholders and other persons from instituting or prosecuting any action or suit, or any other legal proceeding against the Conservator or the Association, except in the action brought by him; to compel all creditors of the Association to be called into this action, and they and all other interested persons be allowed to intervene and become parties to this action.

We deem it unnecessary to make a detailed statement of the allegations of the complaint, since up to this point, appellants were not parties to the action, nor considered by the plaintiff-respondent as having any possible interest in the liquidation of the affairs of the Association of which he was Conservator.

On September 26, 1935, Honorable G. Dewey Oxner, Judge of the Thirteenth Circuit, at Chambers, signed an order, which was consented to by the attorneys representing the various classes of stockholders, who had been made parties-defendants, in which it was:

"*Ordered*, That all creditors, claimants and other persons be and they are hereby restrained and enjoined from instituting or prosecuting any action or proceeding against the plaintiff other than in this action, and from levying upon, attaching or selling, or attempting to levy upon, attach or sell any of its property, and it is;

"*Further Ordered*, That all creditors of the Mechanics Building and Loan Association of Greenville, S. C., be and they are hereby called into this action and required to set up their claims in this action, and to file the same, duly proven, with the Master in Equity in and for Greenville County on or before the thirtieth day from the completion of the advertisement, as hereinafter provided for, or be forever barred. The Master shall advertise by publishing a notice in the Greenville Daily News once a week for four (4) consecutive weeks, advising the creditors and claimants of the requirements of this order as to filing of claims, the first of such notices to be published within five days after the date of the order, and publication to be completed and the thirty (30) days for filing of claims to begin on the date of the fourth (4th) publication of said notice. For the purpose of the establishment of all claims, liens and priorities, this case is hereby referred to the Master of Greenville County to take the testimony and other proof and report to the Court his conclusions of law and fact, with leave to report any special matter, upon issues arising upon any claim filed or any objection to any of said claims.

"*It is Further Ordered*, That the Conservator or any party to this action, or any shareholder, investor or creditor of the Association may, within ten (10) days after the expiration of the time of the filing of claims, object to any

claim, provided such objection be made in writing, specifying the grounds thereof, and notice thereof be given to the claimant.

"*It Is Further Ordered,* That all stockholders, investors and creditors of said Association, who may elect to intervene in this action be and they are hereby required to file their answer and or cross complaint to the amended complaint, serving a copy thereof on the plaintiff and on each of the named defendants, or their attorneys, and

"*It Is Further Ordered,* That the original complaint be forthwith filed in the office of the Clerk of Court in and for Greenville County, with a copy of this order."

Subsequent to the filing of the above order, dated September 26, 1935, the appellants intervened as alleged creditors serving an answer to the complaint of plaintiff-respondent, and a cross-complaint, paragraphs 4 and 5, and a portion of paragraph 6 being as follows:

"4. These intervenors are creditors of said Association, and are informed and believe that the creditors were not made parties of this action, either as plaintiffs, or as defendants, either in their own right or as persons represented by any defendant or defendants appearing for the class of creditors—the pleadings herein making a case for which only the Conservator and the stockholders are parties, and amounting to no more than a stockholder's bill and a proceeding for instructions. And these intervenors are creditors who have elected to come into the case, pursuant to the order of the Court, to establish their claims, rights and priorities; they are former borrowers from the Association who allege that they have overpaid to the Association, prior to the Conservatorship, the amounts due on their loans, under a system of adjustment put into force by said Association which resulted in over-payments in all such cases of considerable amounts, which they cannot state exactly, and which can only be shown correctly from the books and records of the Association.

"5 They allege upon information and belief that there are hundreds of persons, widely scattered in and out of the State, entitled to recover in this action such over-payments being in like situation with these intervenors, and the questions involved being questions of a common or general interest of these very numerous persons, whom it is impracticable to bring before the Court; such persons are not only numerous but scattered, it being wholly impracticable to reach by advertisement, especially a brief advertisement such as is provided in this case and such method is inadequate, for the further reason that many of such parties are ignorant of their rights, and the calculation in such cases, with many payments, is difficult and intricate and dependent upon a knowledge of the law not possessed by them as laymen,— and therefore these intervenors defend and sue for the benefit of the whole. These claims of intervenors and such other persons in like situation are here set up by way of cross complaint against the plaintiff and the named defendants.

"6. The claims of the plaintiffs, and all those in like plight, are based upon bonds and notes evidencing loans by the said Association and mortgages, duly recorded, to execute same, and upon the records of the Association, showing payments by such Claimants and the application thereof by the Association, same in all cases being applied without reduction of interest, as they are informed and believe, and credited upon alleged stock subscriptions instead of applying same first to the payment of interest due, and then each to the principal according to the United States interest rule, as prescribed by the Supreme Court of his State in such cases,—amounting in the case of each of the named intervenors, as they are informed and believe, to a considerable sum, the exact amount being not known to them, and the memoranda in most cases being lost; their cases are illustrative cases and some or all of the mortgages involved are as follows:"

The plaintiff-respondent replied to the answer and cross

complaint of appellants, as did defendant-respondent, L. O. Patterson, for himself and representing all others in like plight with him, denying that the Association was indebted to appellants in any amount. It is unnecessary to set out the special defenses contained in the Replies.

Subsequently notice was given by appellants that they would move before Honorable G. Dewey Oxner, resident Judge, at Chambers, on February 1, 1936, for an order (1) further construing the Orders heretofore made in this case bearing upon the proof of claims of creditors; (2) fixing the requirements and extending the time modifying these Orders if the Court deems it advisable or necessary, and (3) ad-- judicating the rights of all creditors to be represented herein as a class, and as now being before the Court with the right to prove their claims before the Master at reference to be held from time to time herein.

Served with the notice was the following affidavit of H. K. Townes, Esq., one of the attorneys for appellants:

"Personally comes H. K. Townes, who being duly sworn says:

"I am one of counsel for Mary Lou Asbury and the other Creditors mentioned in Answer and Cross Complaint herein, dated January 11, 1936, reference to which is hereby craved as often as may be necessary;

"Heretofore on or about August 22, 1935, plaintiff brought the action in this Court, the Complaint being here incorporated for reference; thereafter the named defendants representing alleged classes of stockholders, filed their Answers and Cross Complaints herein, which are here incorporated by way of reference; that said action did not make any creditor or creditors individually and as representatives of the class of creditors a party or parties to the suit; but on or about September 26, plaintiff obtained an Order from this Court which is here incorporated by reference directing the Master to advertise once a week for four weeks for the filing of claims; and thereafter by a further Order

consented to by the Attorneys for the alleged classes of stockholders, the Court signed an Order that the time for proving claims should be extended for ninety days beyond the time given by previous Order of the Court; careful reading of the prior Order referred to discloses that the time allowed for filing claims after the completion of publication is not therein prescribed,—but deponent further alleges that on January 11, 1935, Mary Lou Asbury and other creditors or claimants represented by deponent and his associate, B. F. Martin, Esquire, prepared and served their Answer and Cross Complaint, which is here incorporated by reference for the consideration of the Court.

"The deponent alleges upon information and belief, his informants being the said creditors or claimants and the public records of the County that there were and are many creditors of the same class and that they are widely scattered and cannot very well be reached by publication,—although such creditors or claimants have just causes of action against the Mechanics Building and Loan Association for overpayment of their loans, it having been the practice of the Association to settle with them upon the plan and terms set out in their Answer and Cross Complaint, instead of by the United States Rule of Interest as prescribed by the Supreme Court in such cases in this State; deponent verily believes that the Orders of the Court herein referred to should be further construed; that the Court shall determine what is necessary to enable these parties properly to prove their claims before the Court, modifying former Orders if necessary; and that by reason of the facts set out in the Answer and Cross Complaint of this class of creditors they should be permitted to prove their claims without further filing, being now before the Court and properly represented by counsel."

The following is the order made on the above motion:

"This matter comes before me on the motion of the attorneys for Mary Lou Asbury et al., who have attempted to intervene in this case as a class, alleging that they are cred-

itors of the Mechanics Building and Loan Association, by reason of overpayment of mortgages, and further alleging the right to represent as a class, not only themselves, but all other mortgagors of the Mechanics Building and Loan Association, who have made payments on their mortgages within the past six years, and asking the Court to (1) further construe the orders heretofore made in this case bearing upon the proof of claims of creditors; (2) fix the requirements and extend the time, modifying these orders if the Court deems it advisable or necessary, and (3) adjudicate the rights of all creditors to be represented herein as a class, and as now being before the Court with the right to prove their claims before the Master at references to be held from time to time herein.

"In presenting the motion the attorneys did not point out, and the written notice of the motion does not point out, what orders, or in what particulars the intervenors desire previous orders of this Court construed and modified; what requirements they want fixed; and what time they want extended.

"By the previous orders of this Court provision was made for the filing of claims by claimants, creditors and other persons and this time was extended to February 26, 1936. At the hearing before me it was indicated that some claimants had not filed their claims. In order that their rights may be protected in this respect,

"*It Is Ordered,* That the time for filing claims be and the same hereby is extended to May 10, 1936; with leave to the plaintiff, or any other interested party, to file exceptions to any claim within ten (10) days after May 10, 1936.

"The intervenors have not presented to me any reason why it is necessary for the protection of their rights, that other claimants or parties be brought in as a class or classes but, on the contrary, it appears that each of the intervenors has a complete and adequate remedy. Nor from the standpoint of other claimants does it appear necessary that the intervenors should represent them as a class. If they are such

claimants, each of them has his adequate remedy by filing his claim with the Master.

"Except as to the extension of time hereinabove granted,

"*It Is Therefore Ordered* that the motion be and the same hereby is refused."

There are eleven exceptions to the order last quoted, and the specifications of error are numerous and argumentative. However, as we view the matter, and on the record as it comes to this Court, there is only one question involved, to wit: Have the appellants, who claim to have overpaid their mortgage indebtedness to the Association, the right to intervene by answer and cross complaint as the representatives of all other similarly situated?

It is a principle of equity jurisprudence that a Court of Equity will take cognizance in a litigated matter of the rights of *all parties having an interest,* and grant such parties the right to be heard, and will issue such orders as may be necessary to prevent a multiplicity of suits. But there is an equally recognized principle that a Court of Equity does not invite litigation.

It is not known that there are any others claiming to be in like situation with appellants, and in order to ascertain if there are others, it would require that a great number of mortgages, and the books of the Association, be gone over painstakingly, the cost of the clerical work alone being almost prohibitive, and may easily result in that which a Court of Equity seeks to prevent, a multiplicity of suits; because, necessarily, each case must stand on its own bottom. To permit appellants to go over the books and papers of the Association for the purpose of ascertaining if there are others who might claim to be creditors of the same class as appellants, would far exceed the ordinary Bill of Discovery, the purpose of which is to enable one who is asserting a right or claim to determine the exact nature of such right or claim and the extent thereof. In the instant case appellants are seeking the aid of this Court to determine if others have

claims which they could assert, and to further determine who are the "others," and are claiming the right to represent these others as a class. We agree with Judge Oxner: "The intervenors (appellants) have not presented * * * any reasons why it is necessary for the protection of their rights, that other claimants be brought in as a class * * * but on the contrary, it appears that each of the intervenors (appellants) has a complete and adequate remedy; nor from the standpoint of other claimants (if there be such) does it appear necessary that the intervenors (appellants) should represent them as a class. If there are such claimants, each of them has his adequate remedy by filing his claim with the Master."

The law is undoubtedly correctly stated in *First Carolinas Joint Stock Land Bank v. McNeil et al.*, 177 S. C., 332, 181 S. E., 21, to the effect that a party having an interest in a suit should be brought into the suit in order to prevent other litigation which may be disposed of in first action and to save a multiplicity of suits. And again in 21 C. J., at page 258, it is stated:

"It is a general rule of equity pleading that all persons who are materially interested in the event of the suit or in the subject matter, however numerous, should be made parties either as plaintiffs or as defendants."

The rule as to parties to a suit is set forth in *Neely v. Anderson*, 2 Strob. Eq., 270, 271, cited by appellants, but in this case it is stated:

"The rule being a general one, admits of a variety of exceptions. It was adopted as one convenient and conducive to the due and proper administration of justice, and would not be regarded as inflexible, where its application would be absurd, impracticable, or lead to inconvenient delays."

Section 406 of the Code does not govern in this case. To begin with, there may or may not be any other parties in similar situation with appellants as to overpayment of their mortgages, and having an interest, but if so (granting that

appellants and others have a claim as creditors for overpayment of their mortgages), as stated in *Whitaker v. Manson,* 84 S. C., 29, 65 S. E., 953, and quoting from *Bannister v. Bull,* 16 S. C., 220, "They may be said, in one sense, to have a common interest, but, according to our decided cases, they are not as against a stranger, *united in interest* in the sense of this section of the Code. They have interests in the same property while it remains undivided, but such interests are distinct. Each has a right to the extent of his share."

In *Whitaker v. Manson, supra,* and quoting from *Bannister v. Bull, supra,* it is said:

"The heirs of Margaret refused to join in the action, and we knew of no rule of law which authorizes the Court to make parties sue for what may be supposed to be their rights or to withhold their rights from those who do sue, only for the reason that othes having similar interest in the same property do not join. They had the right to refuse to sue. They may wish to have a separate suit for their interests, or they may not intend to set up their rights at all. It was not necessary that they should be joined, either as plaintiffs or defendants, to enable Martha Jane Bannister and Edward F. Reese, who did sue, to recover to the extent of their shares."

There is no claim made by appellants that it is necessary that they be allowed to represent a "class" of complainants in order to enable them to recover to the extent of any claims they may have. In fact, the Association being insolvent, it is possible that appellants' interest could be affected to their detriment.

Anyway, the appellants' rights have not suffered, and they are not in a position to complain. It is recognized by all parties to this suit that their claims are filed in time, and there is no attempt to dispute their right to be heard on the merits as to any portion of their claim not barred by the Statute of Limitations, and if there are other parties who

desire to file claims, no doubt a Circuit Judge will, in his sound discretion, permit the filing of claims.

All exceptions are overruled.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.