14528

STATE *EX REL.* DANIEL, ATTORNEY GENERAL, v. STRONG
*ET AL.*

(192 S. E., 641)

36

38

40

42

*Messrs. Thomas, Lumpkin & Cain, Herbert & Dial* and *McLeod & Shore,* for appellant, Mrs. S. W. C. Lumpkin, cite:

*Messrs. Epps & Epps* and *George D. Levy,* for trustees-appellants, cite:

*Messrs. L. D. Jennings, L. D. Lide* and *R a y m o n Schwartz,* for respondent, cite:

September 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

John K. Crosswell, late of Sumter County, died testate on May 30, 1929, leaving an estate which was appraised at over $600,000.00. The major asset of the estate was a one-half interest in the stock of H. D. and J. K. Crosswell, Incorporated, a South Carolina corporation; the other one-half interest being owned by Mrs. S. W. C. Lumpkin, subject to certain limitations under the will of her former husband, H. D. Crosswell. This corporation holds what is termed a "franchise" from the Coca-Cola Bottling Company of Atlanta, Ga., for the bottling of Coca-Cola, in a considerable portion of the State of South Carolina; it does no bottling business itself, but as the holder of what is called in the testimony a "first-line contract," it enters into subcontracts with subbottlers in various counties, and receives from the subbottlers a commission or royalty on all sales of the Coca-Cola syrup sold to them, amounting to approximately fifteen cents per gallon.

By the terms of his will, John K. Crosswell devised and bequeathed his property in trust to Messrs. J. H. Strong, C. B. Yeadon, and R. R. Bruner, as trustees, and likewise appointed them as executors of his will. He directed in his will that his trustees should build and maintain an orphanage for orphan children, near Sumter, when his estate had reached such proportions as would warrant it, and that they should select two other persons to act as trustees with them.

Pursuant to this direction, they have erected and established this institution, which is now in operation, and which is known as the "John K. Crosswell Home." It is undis-

puted that this institution is now the beneficiary under Mr. Crosswell's will.

The issues arising on this appeal largely depend upon the correct construction of Paragraph 8 of the will, which relates to the disposition of the stock in question, which paragraph reads as follows:

"I own half of the capital stock of H. D. and J. K. Crosswell, Incorporated, of Columbia. Our assets consist mainly of a contract with the parent Coca-Cola Bottling Company, of Atlanta, Georgia, and subbottler contracts which we have made. The estate of H. D. Crosswell owns the other half of the stock. I desire my trustees to retain the stock in this corporation, and take part in carrying on the business as economically as possible after allowing a fair salary for the management of the business. For good reasons, there being only two interests, we have preferred to take the major proportion in the way of salary instead of dividends. My trustees will understand that there will be no reason for this to continue after my death, feeling that my estate should have its rightful share in the profits, and this should be a source of having a constant supply of money for my estate, and I do not desire my trustees to sell the stock unless it should be manifestly to the interest of my estate to part with it, and in the event that a point is reached where it shall be to the manifest benefit of my estate to sell the stock, then I direct that it shall be first offered to those representing the other half of the stock, giving such owner of the other part of the stock the preference of purchasing it at such price as my trustees may be able to obtain from another source."

The one-half interest in the stock of H. D. & J. K. Crosswell, Incorporated, owned by the estate of John K. Crosswell, was sold to the defendant Mrs. S. W. C. Lumpkin by Messrs. Strong, Yeadon and Bruner, who, in so doing, allegedly acted under the power and authority conferred upon them by the will. This sale was consummated in January, 1930, and six years thereafter this suit was instituted in

equity by the State of South Carolina, *ex relatione* John M. Daniel, Attorney General, for the purpose of setting aside this sale as in violation of the terms of the will, and especially the provisions of Paragraph 8, above quoted; the suit being instituted on behalf of the public charity above mentioned.

The defendants the executors and trustees, and the defendant Mrs. Lumpkin, filed answers denying the material allegations of the complaint, and alleging that the sale was valid and should be confirmed. Thereafter, the cause was referred to H. C. Haynsworth, Esq., Master of Sumter County. Pursuant to the order of reference, the Master took the testimony, which comprises a most voluminous record, and filed his report, recommending that the sale be declared valid and confirmed. Exceptions were taken to the report, and the cause was thereafter heard by the Circuit Court, which rendered a decree adverse to the contentions of the defendants, set aside the sale of the stock to Mrs. Lumpkin, and declared such sale null and void. This appeal is prosecuted by the defendants upon exceptions to the decree of the Circuit Court.

After a careful study and consideration of the record and the very able and exhaustive briefs of counsel, we have reached the conclusion that the exceptions should be sustained, and the Circuit decree reversed. In our opinion, the sale of the stock to Mrs. Lumpkin was valid, and did no violence to the will of the testator.

We have not undertaken a more detailed statement of the facts, or the citation of applicable authorities. These fully appear in the Master's report, which will be reported, and which we adopt as the judgment of this Court.

Judgment reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.