668 S.E.2d 798

**DRURY DEVELOPMENT CORPORATION, Plaintiff,**

**v.**

**FOUNDATION INSURANCE COMPANY, Clarendon National Insurance Company, Tarheel Insurance Management Company, Tarheel Group, Steven M. Mariano, and Lucia Tompkins, Defendants.**

**No. 26559.**

Supreme Court of South Carolina.

Heard Sept. 16, 2008.

Decided Nov. 3, 2008.

Allyson Torres Beckman, Gerald Michael Finkel, and Sean A. O'Connor, all of Finkel & Altman, of Charleston, for Plaintiff.

Geoffrey Ross Bonham, Jeffrey A. Jacobs, and Rachel Y. Harper, of Columbia, for Amicus Curiae South Carolina Department of Insurance.

Eileen R. Ridley and Michael A. Naranjo, both of Foley & Lardner, of San Francisco; John Edward Cuttino, Michelle P. Clayton, and Steven Wayne Ouzts, all of Turner Padget Graham & Laney, of Columbia; and R. Scott Wallinger, Jr., of Clawson & Staubes, of Charleston, for Defendants.

Chief Justice TOAL:

We accepted two certified questions from the United States District Court for the District of South Carolina. In this case, the plaintiff seeks to pierce the corporate veil in order to hold a liquidated corporation's parents and shareholders liable for the corporation's obligations. The first question asks whether a judgment against the corporation is a prerequisite to an alter ego claim. In the event we answer the first question "yes," the second question asks whether a plaintiff is precluded from bringing an alter ego claim against shareholders and officers of a corporation if it fails to either obtain a judgment against the corporation prior to its liquidation or present its claim to the liquidator as a creditor of the corporation subject to liquidation pursuant to the South Carolina Insurers Rehabilitation and Liquidation Act, S.C.Code Ann. § 38–27–10, *et seq.* (2002) ("the Act"). We answer the first question "no," and therefore do not reach the second.

## Factual/Procedural Background

Plaintiff Drury Development Corporation ("Plaintiff") entered into a risk-sharing agreement with Foundation Insurance Company ("Foundation"). The agreement conditioned the parties' obligation to pay on whether or not the loss was "favorable" to Plaintiff at the end of the agreement's term. Plaintiff alleges that Foundation owed it $86,023.00 under the agreement when the agreement's term ended on April 20, 2005.

Soon after conclusion of the agreement's term, Foundation entered rehabilitation without having paid the alleged obligation. Rehabilitation was unsuccessful, and Foundation was declared insolvent and liquidated under the supervision of the South Carolina Department of Insurance ("DOI") in accordance with the terms of the Act. During liquidation, the liquidator for the DOI determined that Foundation's assets should be distributed in satisfaction of a single secured creditor's claims. The liquidator did not recognize any other general creditors, and Plaintiff did not present its creditor claim to the liquidator.

On April 28, 2006, Plaintiff filed this action in state court. The case was timely removed to federal court on the basis of diversity jurisdiction. Plaintiff asserts claims against Foundation, its corporate parent Tarheel Group ("Tarheel"), Tarheel subsidiary Tarheel Insurance Management Company ("TIMCO"), and Tarheel shareholders Steven Mariano and Lucia Tomkins (together "Defendants") for breach of contract, fraudulent inducement of contract, negligence, conversion, and unjust enrichment. Plaintiff seeks to pierce the corporate veil in order to hold Tarheel, TIMCO, Mariano, and Tomkins liable for Foundation's alleged obligation.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), FRCP, based on the theory that Plaintiff may not allege an alter ego claim without first obtaining a judgment against Foundation. On November 21, 2007, the Honorable Joseph F. Anderson, Jr., United States District Judge for the District of South Carolina, determined that Defendants' motion to dismiss raised unresolved questions of South Carolina law and certified the following questions to this Court:

(1) Is a judgment against the corporation a prerequisite to an alter ego claim?

(2) If yes to (1), then is a plaintiff precluded from bringing an alter ego claim against shareholders and officers of a corporation if it fails to either obtain a judgment against the corporation prior to its liquidation, or present its claim to the liquidator as a creditor of the corporation subject to liquidation pursuant to the Act?

## STANDARD OF REVIEW

In answering a certified question raising a novel question of law, this Court is free to decide the question based on its assessment of which answer and reasoning would best comport with the law and public policies of the state as well as the Court's sense of law, justice, and right. *Peagler v. USAA Ins. Co.*, 368 S.C. 153, 157, 628 S.E.2d 475, 477 (2006).

## LAW/ANALYSIS

The first certified question asks whether a judgment against a corporation is a prerequisite to an alter ego claim under South Carolina law.[1] We answer "no."

In general, equitable principles govern the veil-piercing remedy, and "[i]t is settled authority that the doctrine of piercing the corporate veil is not to be applied without substantial reflection." *Sturkie v. Sifly*, 280 S.C. 453, 457, 313 S.E.2d 316, 318 (Ct.App.1984). "If any general rule can be laid down, it is that a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons." *Id.* The party seeking to pierce the corporate veil has the burden of proving that the doctrine should be applied. *Id.*

---

1. Although often used interchangeably, the terms "alter ego" and "piercing the corporate veil" are not one and the same. Whereas "alter ego" describes a theory of procedural relief, "piercing the corporate veil" refers to the relief itself. *See* 1 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (per. ed., rev. vol. 2006). In other words, "[t]he alter ego doctrine is merely a means of piercing the corporate veil." 18 C.J.S. *Corporations* § 23 (2008).

In *Sturkie*, the court of appeals adopted a two prong test for piercing the corporate veil. The first prong analyzes the shareholder's relationship to the corporation by evaluating eight factors. The second prong requires the plaintiff to demonstrate that "fundamental unfairness" would result from recognition of the corporate entity. "The essence of the fairness test is simply that an individual businessman cannot be allowed to hide from the normal consequences of carefree entrepreneuring by doing so through a corporate shell." *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 192–193, 463 S.E.2d 641, 644 (Ct.App.1995).

■ Defendants contend that a veil-piercing action is dependent upon first obtaining a judgment against the corporation. We disagree. In applying South Carolina's veil-piercing doctrine, as all forms of equitable relief, "the equities of both sides are to be considered, and each case must be decided on its own particular facts." *Carroll v. Page*, 264 S.C. 345, 349, 215 S.E.2d 203, 205, (1975). South Carolina courts have long observed that equity looks beneath rigid rules of law to seek substantial justice, and it is well-settled that equity will not require the doing of a futile task. *See State ex rel. Daniel v. Strong*, 185 S.C. 27, 192 S.E. 671, 680 (1937) ("Equity owes its birth to the desire to look beneath the rigid rules of the law—to seek substantial justice."); *see also Elliott v. Dew*, 264 S.C. 40, 212 S.E.2d 421 (1975) ("Equity will not require the doing of a futile task"), *Earle v. Webb*, 182 S.C. 175, 188 S.E. 798, 802 (1936) ("a court of equity does not invite litigation.").

■ Were we to adopt the rule urged by Defendants, creditors seeking to pierce the corporate veil of an insolvent or unresponsive corporate defendant would be required to file a *pro forma* action against the corporation before seeking to pierce the corporate veil in a subsequent action. While it is undoubtedly true that the corporate veil is often pierced post-judgment, it is also true that South Carolina courts frequently consider these issues in one bifurcated action. *See, e.g., Carolina Marine Handling v. Lasch et al.*, 363 S.C. 169, 176, 609 S.E.2d 548, 553 n. 6 (recognizing that "an attempt to pierce the corporate veil often occurs post-judgment ...."); *see also Mid–South Mgmt. Co. Inc. v. Sherwood Dev. Corp.*, 374 S.C. 588, 649 S.E.2d 135 (Ct.App.2007) (in which the trial court allowed claims against a corporation and its parent

companies to proceed to a bifurcated trial on issues of corporate liability and veil-piercing theories); *Hunting v. Elders*, 359 S.C. 217, 597 S.E.2d 803 (Ct.App.2004) (in which the trial court allowed claims against a corporation and its shareholder to proceed to a bifurcated trial on issues of corporate liability and veil-piercing). In our view, a trial court need not dismiss an alleged alter ego defendant from a case on the grounds that the issue of corporate liability has not yet been resolved. *See Chase Manhattan Bank v. 264 Water St. Assoc.*, 174 A.D.2d 504, 505, 571 N.Y.S.2d 281 (1991) (holding that it is not necessary "that an unsatisfied judgment first be obtained to pierce the corporate veil."). We therefore decline to adopt a rule which would require South Carolina's trial courts to resolve in two separate actions what they now ably determine in one.[2]

Much of the authority relied upon by Defendants suggests that Defendants have erroneously conflated the concept of a claim with that of a judgment. *See, e.g., Hardy v. Brock*, 826 So.2d 71, 75–76 (Miss.2002) (holding that "[a] claim against the corporation is a prerequisite for alter ego liability being placed on one shareholder."); *Radaszewski v. Telecom Corp.*, 981 F.2d 305 (8th Cir.1992) (upholding dismissal of shareholder defendant because plaintiff failed to state a claim for shareholder liability); 1 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (per. ed., rev. vol. 2006) (explaining that an attempt to pierce the corporate veil is not itself a cause of action but rather a means of imposing liability on an underlying cause of action). Indeed, South Carolina law is clear that plaintiffs attempting to pierce the corporate veil must state a claim against the corporate entity in order to proceed on a veil

---

2. Although we adopt a more limited holding, we note that at least one other court has gone so far as to hold that a judgment against an unresponsive corporate defendant must be set aside in a subsequent action to pierce the corporate veil if the shareholder defendant was not a party to the determination of corporate liability. In *Minton et al. v. Cavaney*, 56 Cal.2d 576, 15 Cal.Rptr. 641, 364 P.2d 473 (1961), the California Supreme Court held that a shareholder defendant had the opportunity to relitigate the legitimacy of the underlying corporate obligation. Writing for the majority, Justice Traynor wrote that because the defendant was not a party to the action against the corporation, the defendant "cannot be held liable for debts of [the corporation] without an opportunity to relitigate these issues." *Id.* at 476.

piercing theory. *See Sturkie,* 280 S.C. at 459, 313 S.E.2d at 319 (adopting rule requiring plaintiffs to prove knowledge of a "claim" in order to prove fundamental unfairness and thereby pierce the corporate veil).

Accordingly, we hold that so long as the plaintiff has pled facts sufficient to survive a motion to dismiss as to the corporate liability claims and the alter ego claim, the trial court should move forward to determination of both matters. In so holding, we observe that our disposition as to the first certified question should not be construed to undermine the legislature's determination that "no action at law or equity may be brought against the insurer or liquidator" once an order of liquidation has been issued. S.C.Code Ann. § 38–27–430(a). Rather, we set forth the general rule that a judgment against a corporation is not a prerequisite to an alter ego claim.

#### CONCLUSION

For the foregoing reasons, we answer "no" to the first certified question, and therefore do not reach the second certified question.

**CERTIFIED QUESTION ANSWERED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.