THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Paris Mountain
 Utilities, Inc., Joe W. Hiller, and David N. Hiller, Appellants,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Health and Environmental Control, Respondent.
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2009-UP-599
 Heard November 4, 2009  Filed December
16, 2009    

AFFIRMED

 
 
 
 Randall Scott Hiller, of Greenville, for
 Appellants.
 
 
 Stephen P. Hightower, of Columbia, for
 Respondent.
 
 
 
 
 

PER CURIAM:  In this administrative appeal, Paris
 Mountain Utilities, Inc., Joe W. Hiller, and David N. Hiller assert the circuit
 court erred in affirming the administrative law court's finding that subject
 matter jurisdiction was appropriate.  Appellants further contest the
 application of collateral estoppel to pierce the corporate veil and hold the Hillers
 personally liable for the acts or omissions of Paris Mountain Utilities, Inc.  We
 affirm the order of the circuit court pursuant to Rule 220(b)(2), SCACR, and
 the following authorities: 
1.  As to subject
 matter jurisdiction:  City of Rock Hill v. S.C. Dep't of Health & Envtl.
 Control, 302 S.C. 161, 165, 394 S.E.2d 327, 330 (1990) (finding the
 Department has the power to administratively assess penalties and/or damages
 which may occur from violations of the Pollution Control Act); S.C. Code Ann. §
 1-23-600(A) (Supp. 2008) (stating an administrative law judge shall preside
 over all hearings of contested cases); Mr. T v. Ms. T, 378 S.C. 127,
 133, 662 S.E.2d 413, 416 (Ct. App. 2008) ("[T]he application of . . .
 collateral estoppel principles are not matters of subject matter
 jurisdiction."). 
2.  As to collateral
 estoppel: Lee County Sch. Dist. Bd. of Trs. v. MLD Charter Sch. Acad.
 Planning Comm., 371 S.C. 561, 565, 641 S.E.2d 24, 27 (2007) ("This
 Court reviews the order of the circuit court to determine whether it properly
 applied the APA standard of review.");  Hancock v. Mid-South Mgmt. Co.,
 381 S.C. 326, 329, 673 S.E.2d 801, 802 (2009) (indicating summary judgment is
 appropriate where there is no genuine issue of material fact and it is clear
 the moving party is entitled to a judgment as a matter of law);  Zurcher v.
 Bilton, 379 S.C. 132, 135, 666 S.E.2d 224, 226 (2008) (holding when an
 issue has been actually litigated and determined by a valid and final judgment,
 that determination is conclusive in a subsequent action);  Osman v. S.C.
 Dep't of Labor, Licensing, & Regulation, 382 S.C. 244, 249, 676 S.E.2d
 672, 675 (2009) (stating under the APA, a reviewing court may not substitute
 its judgment for that of the agency on questions of fact, but may reverse if
 the decision is clearly erroneous in view of substantial evidence);  Drury
 Dev. Corp. v. Found. Ins. Co., 380 S.C. 97, 101, 668 S.E.2d 798, 800 (2008)
 (quoting Sturkie v. Sifly, 280 S.C. 453, 457, 313 S.E.2d 316, 318 (Ct.
 App. 1984)) ("[A] corporation will be looked upon as a legal entity until
 sufficient reason to the contrary appears; but when the notion of legal entity
 is used to protect fraud, justify wrong, or defeat public policy, the law will
 regard the corporation as an association of persons.").  
AFFIRMED.
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.