**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Equinox, LLC, Plaintiff,

v.

Brandon Epps & Courtney Epps, Appellants,


Brandon Epps and Courtney Epps, as Next of Friends of Alexis Marion Hucks, Adrianne Belle Hucks, Wells Skipper Hucks, Sawyer Lane Epps, Cooper Wade Epps, and Lili Madelyn Epps, Appellants,

v.

Richard B. Dreskin, Respondent.

Appellate Case No. 2022-000061

―――――――――

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2025-UP-166
Heard April 9, 2025 – Filed May 14, 2025

―――――――――

**REVERSED**

―――――――――

Richard B. Fennell and Jennifer Michelle Houti, both of

James, McElroy & Diehl, P.A, of Charlotte, North Carolina, for Appellants.

Adam Crittenden Bach and Robert Hudson Smith, both of Tonnsen Bach, LLC, of Greenville, for Respondent.

---

**PER CURIAM:**  In this eviction action filed by Equinox, LLC, against Brandon and Courtney Epps[1] (collectively, Tenants), Tenants appeal the circuit court's order granting Richard B. Dreskin's[2] motion to dismiss or for judgment on the pleadings, arguing the circuit court erred in dismissing (1) claims against Dreskin for breach of contract accompanied by fraudulent act, violation of the South Carolina Unfair Trade Practices Act (UTPA), and conversion based on the expiration of the statute of limitations and (2) an alter ego claim against Dreskin based on a finding that alter ego is not a cause of action recognized in South Carolina.  We reverse.

**FACTS**

By complaint filed December 7, 2017, Equinox initiated this action against Tenants, alleging, *inter alia*, Tenants failed to pay rent and damaged a bathroom, causing extensive damage.  Tenants answered and counterclaimed, alleging breach of contract, breach of warranty of habitability, nuisance, and negligence.  The parties unsuccessfully mediated, and on December 6, 2019, Tenants filed a motion to amend their answer to add third-party claims against Dreskin.  The motion included as an exhibit an amended answer and counterclaims naming Dreskin as a party; however, Dreskin was not individually served with the motion.

Before the circuit court ruled on the motion to amend, the parties filed a consent order to strike the case from the active docket pursuant to Rule 40(j) of the South Carolina Rules of Civil Procedure, which the court granted on January 23, 2020.  On April 3, 2020, Tenants moved to restore the case to the active docket.  On April 16, 2020, Tenants filed a new action, alleging substantially the same claims and including Dreskin as a named party.[3]  Dreskin was served with the new action on April 28, 2020.  By consent order, the case was restored on May 12, 2020.

---

[1] The Eppses, as Next of Friends of, added their six minor children as parties.

[2] Dreskin is the only member of the LLC, Equinox.

[3] Tenants maintained they filed the new action out of an abundance of caution due to the uncertainty of the court's calendar arising from the COVID pandemic.

Thereafter, Tenants moved to consolidate the 2020 action with the restored 2017 action, arguing Equinox and Dreskin would not be prejudiced by consolidation. Equinox and Dreskin moved to dismiss the 2020 action, arguing a virtually identical action was pending and Tenants were required to obtain permission to amend rather than file a duplicative action. By order filed October 9, 2020, the court noted that the "parties agreed it is in the interests of judicial economy for all of the claims at issue in the 2017 Action and [the] 2020 Action to proceed under one civil action number." Thus, the court dismissed the 2020 action without prejudice and granted the motion to amend the 2017 action. Tenants then filed their second amended answer, counterclaims, and third-party claims against Dreskin on October 12, 2020, alleging breach of contract accompanied by fraudulent act, violation of the UTPA, conversion, and alter ego against Equinox and Dreskin.

Dreskin moved for judgment on the pleadings, and Tenants moved for partial summary judgment. At a hearing, Dreskin argued that only Equinox was served with the motion to amend to add Dreskin; he was never individually served; the claims accrued under the discovery rule in May 2017 with Tenants' first complaint of mold to Equinox; Dreskin was not added as a party until October 2020; and thus, the statute of limitations had expired on Tenants' claims against him. Dreskin also argued there were no extraordinary grounds for tolling the statute of limitations. In addition, Dreskin argued alter ego was not an independent cause of action in South Carolina and Tenants were attempting to bypass corporate veil piercing, which could only be done post-judgment. As to the order under Rule 40(j), Dreskin argued he was not a party to the order; thus, the statute of limitations was not tolled. Tenants argued because Dreskin was the sole member of the LLC, notice to the LLC was notice to him and he was timely served. Tenants also argued the parties agreed to consolidate the actions and proceed under one civil action, which the court noted in its order granting the motion to consolidate.

By orders filed December 21, 2021 and January 14, 2022, the court granted the motion to dismiss or for judgment on the pleadings, first finding the statute of limitations barred the third-party claims against Dreskin for breach of contract accompanied by fraudulent act, violation of the UTPA, and conversion. The court also dismissed the alter ego claim, finding it was not a claim recognized in South Carolina; rather, it was relief to be sought by piercing the corporate veil post-judgment. The court did not rule on Tenants' motion for partial summary judgment, stating it was still pending. This appeal follows.

**STANDARD OF REVIEW**

When reviewing the grant of "a judgment on the pleadings [under Rule 12(c) of the South Carolina Rules of Civil Procedure], we apply the same legal standards as the trial court." *Ziegler v. Dorchester County*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019). Likewise, "[a]n appellate court applies the same standard of review as the trial court when reviewing the dismissal of an action pursuant to Rule 12(b)(6)." *Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009). "We review questions of law *de novo*." *Ziegler*, 426 S.C. at 619, 828 S.E.2d at 220.

**LAW/ANALYSIS**

### 1. Statute of Limitations

Tenants first argue the circuit court erred in finding the applicable statutes of limitations barred their causes of action against Dreskin, which were alleged in the 2020 action. We agree.

Tenants argue the circuit court erred in failing to find the April 2020 action against both Equinox and Dreskin was filed and served before the expiration of the statute of limitations. Dreskin argues Tenants failed to preserve the argument of whether they timely served and filed the 2020 action by failing to raise, receive a ruling on, or file a post-trial motion regarding the issue.

"[W]here the question of issue preservation is subject to multiple interpretations, any doubt should be resolved in favor of preservation." *Johnson v. Roberts*, 422 S.C. 406, 412, 812 S.E.2d 207, 210 (Ct. App. 2018) (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 333, 730 S.E.2d 282, 287 (2012) (Toal, C.J., concurring in result in part and dissenting in part)). "We are mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hyper-technical manner." *Herron v. Century BMW*, 395 S.C. 461, 470, 719 S.E.2d 640, 644 (2011). "Post-trial motions are not necessary to preserve issues that have been ruled upon at trial; they are used to preserve those that have been raised to the trial court but not yet ruled upon by it." *Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998). An issue "must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Id.* at 76, 497 S.E.2d at 733.

We first find Tenants raised the argument to the court. At the hearing, Tenants argued "if there's any issue about when [Dreskin] was served or when he received

notice, he was served and he did receive notice well within the [s]tatute of [l]imitations . . . .  So I think that that's foundational . . . to [Dreskin's] argument . . . . "  Tenants later argued, "What really matters in this case and what determines the statute [of limitations] issue . . . is that . . . Dreskin was served with these claims within the [s]tatute of [l]imitations.  He was just served with those claims in the 2020 action, which the parties agreed to resolve in the 2017 action. . . . [T]hat . . . is the most foundational substantive issue that's before you."  We also find the court ruled on the argument, noting in its order that Tenants filed the 2020 action but ultimately ruling that the first pleading asserting claims against Dreskin was filed on October 12, 2020.  Thus, we find the issue is preserved for our review. *See Spence v. Wingate*, 381 S.C. 487, 489-90, 674 S.E.2d 169, 170 (2009) (reversing and remanding for this court to address the merits of the appeal where although the "order [on appeal] did not restate the ground on which petitioner opposed the motion[,] . . . the order explicitly addresse[d] th[e] argument" in its ruling).

Finding the issue is preserved for our review, we turn to the merits.  Each of the causes of action dismissed by the circuit court is subject to the three-year statute of limitations.  *See Wilson Grp., Inc. v. Quorum Health Res., Inc.*, 880 F. Supp. 416, 424 n.6 (D.S.C. 1995) (explaining a "cause of action for breach of contract accompanied by a fraudulent act is governed by the limitations period for contract actions"); S.C. Code Ann. § 15-3-530(1) (2005) (providing a three-year statute of limitations for breach of contract); S.C. Code Ann. § 39-5-150 (2023) (providing a three-year statute of limitations under the UTPA); S.C. Code Ann. § 15-3-530(4) (2005) (providing a three-year statute of limitations for conversion).  The parties agree Tenants first notified Equinox of mold in the home in May 2017.  Tenants filed and served Dreskin with the 2020 action in April of 2020, which was within the statutory period.  In addition, Tenants argued at the hearing on the motion for judgment on the pleadings that the parties had agreed to consolidate the actions and proceed under one civil action.  The court issued an order acknowledging the agreement, stating, "the parties agreed it is in the interests of judicial economy for all of the claims at issue in the 2017 [a]ction and 2020 [a]ction to proceed under one civil action number . . . .  [T]he 2020 [a]ction shall be dismissed by [Tenants] *without prejudice*."  Because the 2020 action was timely served and filed, and the 2020 action was then consolidated without prejudice with the 2017 action, the circuit court erred in dismissing the claims against Dreskin.[4]

---

[4] Because we reverse the circuit court on this issue, we need not address Tenants' alternate argument that the circuit court should have denied Dreskin's motion to dismiss regardless of the 2020 filing based on the date of the filing of the motion to

## 2. Alter Ego

Tenants argue the circuit court erred in dismissing their alter ego claim.  We agree.

Our supreme court addressed an alter ego claim in *Drury Development Corp. v. Foundation Insurance Co.*, 380 S.C. 97, 101, 668 S.E.2d 798, 800 (2008), holding a judgment against a corporation is not a prerequisite to an alter ego claim.  The court in *Drury* did not address the precise issue raised here, whether an alter ego claim against the individual sought to be held responsible under the corporate veil is a separate cause of action.  However, the court noted that alter ego "describes a theory of procedural relief" and the doctrine of alter ego is "merely a means of piercing the corporate veil."  *Id.* at 101 n.1, 668 S.E.2d at 800 n.1 (quoting 18 C.J.S. *Corporations* § 23 (2008)).  In addition, the court stated the following:

> Much of the authority relied upon by Defendants suggests that Defendants have erroneously conflated the concept of a claim with that of a judgment.  *See, e.g., Hardy v. Brock,* 826 So.2d 71, 75-76 (Miss. 2002) (holding that "[a] claim against the corporation is a prerequisite for alter ego liability being placed on one shareholder."); *Radaszewski v. Telecom Corp.*, 981 F.2d 305 (8th Cir. 1992) (upholding dismissal of shareholder defendant because plaintiff failed to state a claim for shareholder liability); 1 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 41.10 (per. ed., rev. vol. 2006) (explaining that an attempt to pierce the corporate veil is not itself a cause of action but rather a means of imposing liability on an underlying cause of action).  Indeed, South Carolina law is clear that plaintiffs attempting to pierce the corporate veil must state a claim against the corporate entity in order to proceed on a veil piercing theory.

---

amend.  *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

*Id.* at 103-04, 668 S.E.2d at 801 (alteration in original). Here, because we have reversed the dismissal of the claims against Dreskin for breach of contract accompanied by fraudulent act, violation of the UTPA, and conversion, we also reverse the order dismissing the alter ego claim. Although it is not itself a cause of action, the requisite underlying claims against the LLC permit Tenants to pursue alter ego as a method of procedural relief as dictated by *Drury*.

**CONCLUSION**

For the foregoing reasons, the circuit court's order dismissing all claims against Dreskin is

**REVERSED.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**