0081

W. Russell STURKIE, as Receiver of Property of Carolina Furniture Manufacturing Company, Inc., Appellant, v. Raymond W. SIFLY and Fischer C. Walter, individually and as officers and directors of Carolina Furniture Manufacturing Co., Inc., Respondents.

(313 S. E. (2d) 316)

Court of Appeals

*Hammond A. Beale,* Columbia, *for appellant.*

*Charles B. Horger,* Orangeburg, *for respondent Fischer C. Walter.*

*James D. Nance,* Orangeburg, *for respondent Raymond W. Sifly.*

Feb. 17, 1984.

CURETON, Judge:

The appellant receiver instituted this suit premised upon a common law action to pierce the corporate veil and a statutory action under Section 33-11-240, Code of Laws of South Carolina, 1976 for improper distribution to the respondents as stockholders. The receiver appeals from the order of the trial judge dismissing his case on the merits. We affirm.

The controversy centers around the actions of respondents Sifly and Walter, the sole stockholders and officers of Carolina Furniture. They organized and incorporated Carolina Furniture on January 1, 1976 to engage in the manufacture and sale of picnic tables. In July, 1976, they hired Jay Ruple as their exclusive sales agent to market the tables. Ruple obtained the $39,082.37 judgment which the receiver seeks to satisfy in this action.

With start-up capital of only $5,000, Carolina Furniture was in financial trouble almost from its inception. To keep the corporation afloat financially, Sifly and Walter obtained personal loans and, in turn, loaned the proceeds to Carolina Furniture. When the corporation had funds available, Sifly and Walter simply debited its account for the moneys loaned the corporation. The respondents made no record of these transactions, held no formal corporate meetings, and failed to comply with other corporate formalities.

On April 30, 1977, Carolina Furniture carried a loss of $265,181 on its Profit and Loss Statement. In May, 1977, the respondents moved unfinished inventory worth $6,000 to $7,000 from Carolina Furniture to a company in North Carolina in which respondent Walter held a one-half interest. Thereafter, on June 28, 1977, Carolina Furniture ceased operations.

In August, 1977, Ruple obtained the $39,082.37 default judgment against Carolina Furniture, apparently for wages and commissions due. On September 19, 1979, at Ruple's behest,

the appellant receiver was appointed in proceedings supplemental to judgment under Section 15-39-430, Code of Laws of South Carolina, 1976.

The receiver, in this action to collect the judgment, alleged two causes of action. The first, a common law action to pierce the corporate veil, alleged that the respondents had conducted the business of the corporation as if it were their own in order to defraud creditors. The receiver requested that the court impose personal liability on the respondents for the judgment. The second cause of action, a statutory action under Section 33-11-240, Code of Laws of South Carolina, 1976, to recover distributions improperly made to stockholders, alleged that the respondents made distribution of corporate property and funds to themselves at a time when they knew the corporation was insolvent and in fraud of creditors.

The respondents filed general denials of the receivers allegations. Respondent Walter also interposed by way of counterclaim and set-off his prior claim to any funds the receiver might collect because of personal advancements he had made to the corporation.

In a bench trial, the judge found that Ruple and the receiver were not entitled to hold the respondents individually liable for the judgment. The court's order also questioned the propriety of the receiver's action in bringing the suit, the integrity of Ruple's judgment and his "clean hands" with respect to the corporation's financial problems.

The receiver raises two contentions on appeal. First he argues that the trial court erred in finding, on the evidence adduced, that the respondents did not engage in fraud which would subject them to personal liability on the judgment. Second, the receiver contends the court's consideration of issues extraneous to the action amounted to error which substantially prejudiced his right to have the merits of his case considered.

Relief requested on the basis of disregard of the corporate entity is generally regarded as equitable in nature, the doctrine of "piercing the corporate veil" itself being one of equity. Fletcher, *Cyc. Corp.* Section 41.25 (Supp. 1983) (collecting cases citing this principle). The role of this Court on an appeal from an action in equity tried by a judge without a reference is to determine the facts according to its view of

the preponderance of the evidence. *Townes Associations Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). With this in mind, we take up the appellant receiver's first assignment of error.

The receiver directs our attention to *Dewitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F. (2d) 681 (4th Cir. 1976), a leading case on piercing the corporate veil. He contends that under the *Dewitt* test for piercing the corporate veil, the evidence presented established that the corporate entity should have been disregarded and the respondents held personally liable. Specifically, the receiver alleges that the record is replete with testimony that Carolina Furniture (1) was undercapitalized; (2) failed to observe corporate formalities; (3) paid no dividends; (4) was insolvent; (5) lacked corporate records; (6) had its corporate funds siphoned off by the dominant stockholder; and (7) was used as a mere facade for operations of its dominant stockholders. In addition, he argues that the mere fact that there remains an unsatisfied judgment of $39,082.37 against the insolvent corporation represents the evidence of fundamental unfairness required by *Dewitt.* We disagree.

It is settled authority that the doctrine of piercing the corporate veil is not to be applied without substantial reflection. *Baker v. Equitable Leasing Corp.,* 275 S. C. 359, 271 S. E. (2d) 596 (1980). If any general rule can be laid down, it is that a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons. Fletcher, *Cyc. Corp.* Section 41 (Perm. Ed.). The party seeking to have the corporate identity disregarded has the burden of proving that the doctrine should be applied. *In re Christian and Porter Aluminum Corp.,* 584 F. (2d) 326 (9th Cir. 1978).

The receiver correctly argues that according to *Dewitt, supra,* a two-pronged test should be used to determine whether the corporate entity should be disregarded. The first part of the test, an eight-factor analysis, looks to observance of the corporate formalities by the dominant shareholders. The second part requires that there be an element of injustice or fundamental unfairness if the acts of the corporation be

458

not regarded as the acts of the individuals. *Dewitt*, 540 F. (2d) at 685. The receiver alleges, and the respondents do not seriously contest the fact, that he proved the existence of a sufficient number of the eight factors to justify piercing the corporate veil.

The heart of the dispute, however, is whether the preponderance of the evidence shows that if the separate identity of Carolina Furniture is regarded, the receiver and Ruple will suffer injustice or fundamental unfairness. The corporate form may be disregarded only where equity requires the action to assist a third party. *Crabtree Investments, Inc. v. Aztec Enterprises, Inc.*, 479 F. Supp. 448 (M. D. La. 1979).

In this context, and though the trial court found "no scintilla of fraud," the receiver contends that the fact of the unsatisfied judgment, coupled with the respondent's breach of the integrity of the corporation, creates the fundamental unfairness. We hold otherwise.

The receiver has cited no authority for his contention. Our own review of the relevant authorities convinces us that the unsatisfied judgment, even when viewed against disregard of corporate formalities, evidences no injustice, fraud or fundamental unfairness. A few cases will illustrate the point that in order to pierce the corporate veil, the plaintiff must show that an inequitable result will follow failure to disregard the corporation.

In *Dewitt, supra*, the corporation engaged in the business of a commission agent, selling fruit produce for farmers. Flemming, the sole beneficiary and president of the corporation, was its only agent. The plaintiff creditor transported the fruit for the corporation. The corporation sold the produce, remitting to the growers the purchase price minus plaintiff's transportation charge and the sales commission. Flemming failed to pay the plaintiff. When the plaintiff became concerned, Flemming stated that he would take care of the charges personally. At the time, Flemming was annually paying himself at least the amount of the plaintiff's charges. It does not require a lot of insight to grasp the inequities which would result if the plaintiff were required to look to the insolvent corporation for payment.

Another case, *Federal Deposit Ins. Corp. v. Sea Pines*, 692 F.

(2d) 973 (4th Cir. 1982), *cert. den.*, ____ U. S. ____ , 103 S. Ct. 2089, 77 L. Ed. (2d) 299, also presented the issue of whether fundamental unfairness was shown. The evidence indicated that the plaintiff bank issued a loan commitment for $250,000 to a subsidiary of defendant parent corporation. The subsidiary corporation shared a common board of directors with its parent and was grossly undercapitalized. At a time when the directors knew the subsidiary was insolvent, they mortgaged the only unencumbered piece of property owned by the subsidiary (worth $350,000) for the debts of the defendant parent corporation. They credited the subsidiary's account $8,000 in consideration. The court held that the directors had acted to secure the debts of the parent to the injury of the plaintiff bank and therefore, piercing the corporate veil was justified. Clearly, failure to pierce the corporate veil of the subsidiary corporation would result in injustice.

These two cases represent the general rule which we have defined thusly: The burden of proving fundamental unfairness requires that the plaintiff establish (1) that the defendant was aware of the plaintiff's claim against the corporation, and (2) thereafter, the defendant acted in a self-serving manner with regard to the property of the corporation and in disregard of the plaintiff's claim in the property. *Accord*, 18 C. J. S. *Corporations* Section 6 (Cum. Supp. 1982).

In the case before us, the record is totally devoid of any evidence from which we can determine that the respondents were aware of the claim presented by the receiver at the time they engaged in the acts relied on by the receiver to establish personal liability. From the record, it appears that Ruple didn't testify. The judgment was not made a part of the record; nor were we otherwise informed of the basis of the judgment. In summary, on the facts before us, we are unable to say that failure to pierce the corporate veil will work a fundamental unfairness on Ruple or the receiver. This is especially true when we consider the general reluctance of courts to disregard the integrity of the corporate entity. We hold, therefore, that the court did not err in dismissing the receiver's action to pierce the corporate veil and impose personal liability on the respondents.

The receiver's second cause of action, the statutory action under South Carolina Code Section 33-11-240 to

recover distributions of corporate property and funds made by respondents to themselves was also dismissed. Our review of the receiver's Exceptions fails to disclose that he excepted to the dismissal of this cause of action. In addition, he has failed to argue any contention relative to the court's dismissal of the action in his brief and is deemed to have abandoned the issue. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977); *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976).

The receiver contends, secondly, that the trial court's consideration of several issues extraneous to the action before the court resulted in prejudicial error in that it diverted the court's attention from the real issues. In this context, the receiver contends the following: (1) the court erred in considering the validity of Ruple's judgment; (2) the issue of priority of liens was not before the court; and (3) the court erred in judging the receiver's conduct by standards established under Section 15-65-10 when he was appointed under Section 15-39-430.

The trial court clearly strayed from the issues before it. We do not find, however, that the court failed to properly consider the issues raised by the receiver. The court considered the issues involved and found that the receiver failed to present evidence of fraud. On the record before us, we found no evidence of fraud or fundamental unfairness. Therefore, we fail to see how the receiver was prejudiced by the court's consideration of the extraneous issues. An error not shown to be prejudicial does not constitute grounds for reversal. *JKT Company, Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980).

Accordingly, the judgment entered below is affirmed as entered.

Affirmed.

SHAW and GOOLSBY, JJ., concur.