THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Steve Kosalac & Becky Kosalac,       
Respondents,
 
 
 

v.

 
 
 
Crescent Homes, Inc., and Craig Roy,       
Appellants.
 
 
 

Appeal From Greenville County
Joseph J. Watson , Circuit Court Judge

Unpublished Opinion No. 2003-UP-671
Submitted September 8, 2003  Filed November 18, 2003 

 AFFIRMED

 
 
 
Adam Fisher, Jr., of Greenville, for Appellant
Philip James Temple, of Greenville, for Respondents
 
 
 

 
 PER CURIAM:  Craig Roy, president of 
 Crescent Homes, Inc., appeals from the trial courts finding that he was liable 
 individually for a judgment by default entered against both Roy and Crescent 
 Homes.  We affirm.
 FACTS
 Steve and Becky Kosalac (the Kosalacs) entered 
 into a contract with Crescent Homes (Crescent) for the construction of a 
 new home.  The Kosalacs were dissatisfied with the quality of work and filed 
 a complaint in the circuit court against Crescent. 
 The Kosalacs served discovery requests in 
 May 2000. After Crescent failed to timely respond, the Kosalacs moved to compel 
 discovery in October. Prior to the hearing on this motion, Crescents attorney 
 moved to be relieved due to his clients refusal to cooperate. The circuit 
 court granted counsels motion to be relieved on December 15, 2000. On January 
 18, 2001, the circuit court granted the motion to compel and ordered Crescent 
 to produce the discovery within 10 days. The circuit court also ordered Crescent 
 to pay $525.00 for the Kosalacs attorneys fees. 
 On May 10, 2001, the Kosolacs were allowed 
 to amend the complaint to add Roy as a party and two additional causes of 
 action for fraud and to pierce the corporate veil. The circuit court ordered 
 all discovery to be completed within 90 days. In September, the Kosalacs moved 
 for sanctions when Crescent and Roy (the Appellants) failed again to respond 
 within the 90-day deadline. The circuit court then ordered the Appellants 
 to pay $2,500 to the Kosalacs attorneys; to appear for depositions with any 
 documents in their possession that relate to this matter; and to comply with 
 the standing court order for alternative dispute resolution. Roy appeared 
 at the deposition without any subpoenaed documents and did not appear at a 
 scheduled mediation conference. The Kosalacs filed a second motion for sanctions 
 under Rule 37 of the South Carolina Rules of Civil Procedure. The circuit 
 court granted the motion and struck the Appellants pleadings and entered 
 judgment against them, pursuant to 37(b)(2)(C) and (D) and to SC Circuit ADR 
 Rule 11. 

At the damages hearing, the circuit court refused 
 to allow defense counsel to question Roys individual liability because a judgment 
 by default had been ordered against Crescent and Roy.  The judge stated, [t] 
 he only issue  is the amount of damages. The Kosalacs submitted evidence that:  
 (1) they paid $85,510 to have their home completed after Crescent ceased working 
 on it and (2) Crescent was unable to account for $104,995 of the money paid 
 by the Kosalacs. On April 4, 2002, the circuit court ordered, Judgment entered 
 for [the Kosalacs] against both [of the Appellants] in the amount of $190,505 
 (actual damages).  Roy appeals.
 
 STANDARD 
 OF REVIEW
 This court will interfere with a circuit courts 
 exercise of its discretionary powers regarding sanctions imposed in discovery 
 issues only if there has been an abuse of discretion.  See Clark 
 v. Ross, 284 S.C. 543, 570, 328 S.E.2d 91, 107 (Ct. App. 1985).              
 

 
 ANALYSIS
 Roy argues the trial court erred when it pierced 
 corporate the veil and assessed damages against Roy in his individual capacity. 
 We disagree.

 
 Rule 37 expressly grants the circuit court 
 power to strike the pleadings and order judgment by default for a partys 
 failure to respond to certain discovery requests.  Rule 37(b)(2)(C), SCRCP. 
 It is well settled that by suffering a default, the defaulting party is deemed 
 to have admitted the truth of the plaintiffs allegations and to have conceded 
 liability.  Roche v. Young Bros., Inc., 332 S.C. 75, 81, 504 S.E.2d 
 311, 314 (1998).  After the circuit court entered a judgment by default against 
 both Crescent and Roy, the allegations in the Kosalacs complaint were deemed 
 accurate and true.  

One of the causes of action against the appellants 
 was an action to pierce the corporate veil. The Kosolacs alleged that Crescent 
 was the alter ego of Roy and that Roy had committed fraud. These allegations 
 are deemed true as a result of the default.  As a general rule, a corporation 
 will be looked upon as a legal entity until sufficient reason to the contrary 
 appears.  However, the law will regard the corporation as an association of 
 persons when the notion of the legal entity is used to protect fraud, justify 
 wrong, or defeat public policy. Sturkie v. Sifly, 280 S.C. 453, 457, 
 313 S.E.2d 316, 318 (Ct. App. 1984). Courts will disregard the fiction that 
 a corporation is a separate legal entity when the corporation is a mere instrumentality 
 of a controlling individual. Wilson v. Friedberg, 323 S.C. 248, 253, 
 473 S.E 2d 854, 857 (Ct. App. 1996).
 
 Therefore the trial court did not err when 
 it pierced the corporate veil and levied damages against Roy individually.

 
 CONCLUSION
 Based upon the foregoing, the circuit courts 
 order is
 AFFIRMED.
 GOOLSBY, HUFF and BEATTY, concur.