**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Bouchelle Incorporated, Appellant,

v.

Charleston Wrecking, Inc. and Michael C. Golemis, Respondents.

Appellate Case No. 2017-001532

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-301
Submitted June 1, 2019 – Filed August 21, 2019

———————

**AFFIRMED IN PART, DISMISSED IN PART**

———————

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mt. Pleasant, for Appellant.

Michael W. Sautter, of Query Sautter & Associates, LLC, of Charleston, for Respondent Michael C. Golemis; and Kerry W. Koon, of Kerry W. Koon, Attorney at Law, of Charleston, for Respondent Charleston Wrecking, Inc.

———————

**PER CURIAM:** In this action arising from the demolition of a wall on a construction site, Bouchelle Incorporated appeals the grant of summary judgment

to Michael C. Golemis and the grant of the stay of the action to Charleston Wrecking, Inc.  We affirm the grant of summary judgment and dismiss as moot the appeal of the stay.

1.  Pursuant to Rule 220(b), SCACR, and the following authorities, we affirm the grant of summary judgment to Golemis: Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him."); *Pertuis v. Front Roe Rests., Inc.*, 423 S.C. 640, 655, 817 S.E.2d 273, 280 (2018) ("[C]orporations are often formed for the purpose of shielding shareholders from individual liability; there is nothing remotely nefarious in doing that."); *Sturkie v. Sifly*, 280 S.C. 453, 457-58, 313 S.E.2d 316, 318 (Ct. App. 1984) (approving a two-pronged test to determine whether to disregard the corporate entity: (1) the observance of corporate formalities by the dominant shareholders and (2) an element of injustice or fundamental unfairness if the acts of the corporation are not regarded as the acts of the individuals); *Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 310 S.C. 132, 141, 425 S.E.2d 764, 770 (Ct. App. 1992) ("The second prong requires that there be an element of injustice or fundamental unfairness should the separate corporate existence of [the corporation] not be disregarded."); *Sturkie*, 280 S.C. at 458, 313 S.E.2d at 319 ("The corporate form may be disregarded only where equity requires the action to assist a third party."); *Coker v. Cummings*, 381 S.C. 45, 55, 671 S.E.2d 383, 388 (Ct. App. 2008) ("When a party makes no factual showing in opposition to a motion for summary judgment, the trial 'court must grant summary judgment to the moving party if, under the facts presented, the latter is entitled to summary judgment as a matter of law.'" (quoting *S.C. Elec. & Gas. Co. v. Combustion Eng'g, Inc.*, 283 S.C. 182, 189, 322 S.E.2d 453, 457 (Ct. App. 1984))).

2.  As to Bouchelle's appeal of the stay granted to Charleston Wrecking, Inc., we note the requested stay was to last "until a final determination in" a separate action that Bouchelle filed against its own insurer, which denied coverage for the events leading to the appeal presently before this court.  It has come to our attention that an order granting summary judgment to Bouchelle's insurer was issued in the other action.  Furthermore, although Bouchelle appealed another order issued in that proceeding, it did not appeal the grant of summary judgment to its insurer.  Therefore, there has been a final determination in the separate action between Bouchelle and its insurer, and the stay can now be lifted.  Based on these

circumstances, the appeal is now moot because any judgment rendered by this court would "have no practical legal effect upon the existing controversy." *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009). Furthermore, we do not view the grant of the stay as (1) an issue capable of repetition but generally evading review, (2) an event involving "questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest," or (3) a decision that "may affect future events, or have collateral consequences for the parties." *S.C. Pub. Interest Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 121, 804 S.E.2d 854, 861 (2017) (quoting *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001)). Because Bouchelle's action against Charleston Wrecking can now proceed, we dismiss as moot Bouchelle's appeal insofar as it concerns the grant of the stay.

**AFFIRMED IN PART, DISMISSED IN PART.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.