**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jason Tuck, Appellant,

v.

On The Mark Automotive Repair and Refinishing, LLC d/b/a On The Mark Automotive, LLC; Carolina's Best Finance Company, Inc.; Southeastern Recovery & Towing, LLC; Carolina's Best Auto Sales, LLC; 828A St. Mark Road, LLC; Affordable Auto Finance, Inc.; and John D. Watts, III (a/k/a John D. Watts); Respondents.

Appellate Case No. 2023-000353

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-023
Heard November 12, 2025 – Filed January 28, 2026

———————

**AFFIRMED**

———————

Brian Patrick Murphy, of Stephenson & Murphy, LLC, of Greenville, for Appellant.

Bruce Wyche Bannister and Ryan Whitmore Pasquini, both of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Respondents.

———————

**PER CURIAM:** Jason Tuck received a judgment for breach of contract and unpaid wages claims against his former employer, On the Mark Automotive, LLC, a single-member limited liability company (LLC) owned by John D. Watts, III. Tuck now appeals the denial of his motion to pierce the corporate veil. On appeal, Tuck argues the circuit court erred in (1) refusing to treat Watts's other businesses as one entity under the single-business-enterprise doctrine and (2) refusing to apply the judgment against Watts personally or against Corporate Respondents[1] under the theories of alter ego and piercing the corporate veil. We affirm.

1. We hold the circuit court correctly refused to apply the single-business-enterprise doctrine. *See Pertuis v. Front Roe Rests., Inc.*, 423 S.C. 640, 655, 817 S.E.2d 273, 281 (2018) (stating equitable principles govern the application of the single business-enterprise-doctrine); *see Stoneledge at Lake Keowee Owners' Ass'n v. IMK Dev. Co.*, 435 S.C. 109, 119, 866 S.E.2d 542, 548 (2021) (providing that the standard of review on the single-business-enterprise doctrine is de novo and allows the appellate court to find facts in accordance with its own view of the preponderance of the evidence); *id.* (noting this standard does not require the appellate court to disregard the trial court's findings of fact and the trial court sits in a better position to assess witness credibility). We find Tuck failed to specifically show abuse, fraud, or wrongdoing resulting from a recognition of the corporate forms of Corporate Respondents. *See Pertuis*, 423 S.C. at 654-55, 817 S.E.2d at 280-81 (stating the application of the single-business-enterprise doctrine requires the party seeking to employ the doctrine to show (1) the various entities operations are intertwined and (2) "further evidence of bad faith, abuse, fraud, wrongdoing, or injustice resulting from the blurring of the entities' legal distinctions").

2. We hold the circuit court correctly refused to pierce the corporate veil as to Watts and Corporate Respondents. *See Stoneledge*, 435 S.C. at 119, 866 S.E.2d at 548 (providing actions to pierce the corporate veil lie in equity and are subject to de novo review); *Drury Dev. Corp. v. Found. Ins.*, 380 S.C. 97, 101, 668 S.E.2d 798, 800 (2008) ("In general, equitable principles govern the veil-piercing remedy, and '[i]t is settled authority that the doctrine of piercing the corporate veil is not to

[1] Corporate Respondents consist of the following businesses owned wholly by Watts: On the Mark, the car repair shop that employed Tuck; Carolina's Best Finance Company, Inc., a title loan company; Southeastern Recovery and Towing, LLC, a towing and repossession company; Carolina's Best Auto Sales, LLC, a business not discussed by either party in their briefs; 828 St. Mark Road, LLC, a real estate holding company; and Affordable Auto Finance, Inc., a car sales lot in Greer.

be applied without substantial reflection.'" (alteration in original) (quoting *Sturkie v. Sifly*, 280 S.C. 453, 457, 313 S.E.2d 316, 318 (Ct. App. 1984))); *Sturkie*, 280 S.C. at 457, 313 S.E.2d at 318 ("If any general rule can be laid down, it is that a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons."); *id.* (noting the party seeking to pierce the corporate veil has the burden of proof in showing the doctrine should apply). On The Mark—the party Tuck obtained a judgment against—and three of the other five Corporate Respondents exist as LLCs. Those Corporate Respondents formed as LLCs are statutorily exempt from liability arising from failure to follow corporate formalities. *See* S.C. Code Ann. § 33-44-303(B) (2006) ("The failure of a[n LLC] to observe the usual company formalities or requirements relating to the exercise of its company powers or management of its business is not a ground for imposing personal liability on the members or managers for liabilities of the company."); *see also Pertuis*, 423 S.C. at 656-57, 817 S.E.2d at 281 ("[W]e find the trial court's analysis . . . overlooked the corporations' status[es] as S-Corporations[,] which are statutorily permitted to disregard the very corporate formalities identified by the trial court as lacking."). Further, Tuck failed to show On the Mark acted in a self-serving manner to avoid paying the judgment. *See Sturkie*, 280 S.C. at 459, 313 S.E.2d at 319 (noting the burden of proving fundamental unfairness requires the plaintiff establish (1) the defendant was aware of the plaintiff's claim against the corporation and (2) thereafter, the defendant acted in a self-serving manner with regard to the property of the corporation and in disregard of the plaintiff's claim in the property); *see also id.* at 458, 313 S.E.2d at 319 ("[T]he receiver contends that the fact of the unsatisfied judgment, coupled with the respondent's breach of the integrity of the corporation creates the fundamental unfairness. We hold otherwise. . . . [T]he unsatisfied judgment, even when viewed against disregard of corporate formalities, evidences no injustice, fraud[,] or fundamental unfairness."); *see also id.* at 459, 313 S.E.2d at 319 ("[T]he record is totally devoid of any evidence from which we can determine that the [defendants] were aware of the claim presented by the receiver at the time they engaged in the acts relied on by the receiver to establish personal liability.").

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**