**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yonder Field, LLC, Respondent,

v.

RI, Inc. and Seating Services, LLC; Scott Suprina; and John Doe Shareholders, Defendants,

Of whom Scott Suprina is the Appellant.

Appellate Case No. 2023-000600

———————————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge
R. Markley Dennis, Jr., Circuit Court Judge
Heath P. Taylor, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-060
Submitted January 2, 2026 – Filed February 11, 2026

———————————

**AFFIRMED**

———————————

Christopher David Kennedy and N. Douglas Brannon, of Kennedy & Brannon, P.A., both of Spartanburg, for Appellant.

Skyler Bradley Hutto, of Williams & Williams, of Orangeburg, for Respondent.

———————————

**PER CURIAM:** Scott Suprina appeals the trial court's order granting Yonder Field, LLC's motion to amend its pleadings to add him as a defendant pursuant to Rules 15 and 25 of the South Carolina Rules of Civil Procedure, the court's denial of his motion to dismiss pursuant to Rule 3(a)(2) of the South Carolina Rules of Civil Procedure, and the jury's verdict and award of $160,100 in damages. On appeal, Suprina argues the trial court (1) abused its discretion in granting the amendment, (2) erred in denying his motion to dismiss based on untimely service, (3) improperly denied his post-trial motions, (4) incorrectly entered judgment against him personally, and (5) erred in admitting evidence of the sale price. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion by granting the motion to join Suprina and John Doe Beneficiary Shareholders as new defendants to the action because Rule 15 encourages the trial court to freely grant amendments, Suprina failed to demonstrate prejudice, and Rule 25 allows for joinder in cases involving a transfer of interest. *See Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 22, 431 S.E.2d 587, 590 (1993) ("It is well established that a motion to amend is addressed to the sound discretion of the trial [court], and that the party opposing the motion has the burden of establishing prejudice."); *Bryant v. Waste Mgmt., Inc.*, 342 S.C. 159, 165, 536 S.E.2d 380, 383 (Ct. App. 2000) ("A trial court has the sound discretion to substitute parties when some act has affected the capacity of a named party to be sued, and its decision will not be reversed on appeal absent a showing of an abuse of discretion."); Rule 15(a), SCRCP (providing leave of court so a party may amend his pleading "shall be freely given when justice so requires and does not prejudice any other party"); *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017) (providing Rule 15 of the South Carolina Rules of Civil Procedure "strongly favors amendments and the court is encouraged to freely grant leave to amend" (quoting *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005))); *Lee v. Bunch*, 373 S.C. 654, 661, 647 S.E.2d 197, 201 (2007) ("The prejudice that would warrant denial of a motion to amend the pleadings is a lack of notice that a new issue is to be tried and a lack of opportunity to refute it."); Rule 25(c), SCRCP ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.").

2. Although Suprina argues that he was not served with the amended complaint within the statute of limitations, we hold this issue is not preserved for review because he failed to present a record sufficient to allow appellate review. *See Park Regency, LLC v. R & D Dev. of the Carolinas, LLC*, 402 S.C. 401, 419, 741 S.E.2d

528, 537 (Ct. App. 2012) ("Generally, an 'appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal.'" (quoting Rule 210(h), SCACR)); *id.* ("The burden of presenting a record sufficient to allow appellate review lies with the appellant.").

3.  We hold the trial court did not abuse its discretion by denying the motion for judgment notwithstanding the verdict (JNOV), or, in the alternative, motion for a new trial because evidence supported the jury's verdict.  *See Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) (explaining that when ruling on JNOV motions, the trial court views the evidence in the light most favorable to the non-moving party and will deny the motion when the evidence yields more than one inference); *id.* ("[A] trial court's decision granting or denying a new trial will not be disturbed unless the decision is wholly unsupported by the evidence or the court's conclusions of law have been controlled by an error of law.").  Evidence supported the jury's finding of a breach of contract because Suprina testified that Yonder Field paid him to install event seating inside its venue, and Yonder Field confirmed the seating was not delivered and the payments were not returned.  *See Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012) ("The necessary elements of a contract are offer, acceptance, and valuable consideration."); *id.* at 399, 725 S.E.2d at 506 ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach.").  Moreover, evidence supported the finding of conversion because Suprina's financial records showed Yonder Field's payments were spent on multiple, unrelated hotel charges in Florida and North Carolina, and Suprina testified that he sold the inventory he designed for Yonder Field.  *See Brannon v. Palmetto Bank*, 371 S.C. 357, 364, 638 S.E.2d 105, 109 (Ct. App. 2006) (explaining conversion may occur through the illegal use, misuse, or illegal detention of another's personal property).

4.  We hold the trial court did not incorrectly enter judgment against Suprina personally because a preponderance of the evidence supported piercing the corporate veil due to Yonder Field demonstrating fundamental unfairness.  *See Dumas v. InfoSafe Corp.,* 320 S.C. 188, 192, 463 S.E.2d 641, 643 (Ct. App. 1995) ("An action to pierce the corporate veil is one in equity.  Thus [the appellate court] may take its own view of the preponderance of the evidence."); *Sturkie v. Sifly*, 280 S.C. 453, 457, 313 S.E.2d 316, 318 (Ct. App. 1984) ("[A] corporation will be looked upon as a legal entity until sufficient reason to the contrary appears."); *id.* at 459, 313 S.E.2d at 319 ("[P]roving fundamental unfairness requires that the plaintiff establish (1) that the defendant was aware of the plaintiff's claim against the corporation, and (2) thereafter, the defendant acted in a self-serving manner

with regard to the property of the corporation and in disregard of the plaintiff's claim in the property."). First, Suprina's deposition testimony indicated that RI, Inc. had been dissolved and liquidated, and Suprina, as RI Inc.'s representative and owner, was previously served and aware of the suit prior to the company's sale. Second, Suprina's trial testimony that he sold RI Inc.'s assets and the inventory he designed for Yonder Field indicated that Suprina acted in a self-serving manner with regard to the company's property. *See Sturkie*, 280 S.C. at 457, 313 S.E.2d at 318 ("[W]hen the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons.").

5. We hold the trial court did not abuse its discretion by admitting evidence of the company's sale price because it was relevant to proving conversion and to the jury's determination of damages because it reasonably demonstrated the fair market value of the inventory. *Lee*, 373 S.C. at 658, 647 S.E.2d at 199 ("An appellate court reviews Rule 403 [of the South Carolina Rules of Evidence] rulings pursuant to an abuse of discretion standard and gives great deference to the trial court."); *Johnson v. Sam Eng. Grading, Inc.*, 412 S.C. 433, 448, 772 S.E.2d 544, 552 (Ct. App. 2015) ("The trial court has wide discretion in determining the relevancy of evidence."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Richardson's Rests., Inc. v. Nat'l Bank of S.C.*, 304 S.C. 289, 294, 403 S.E.2d 669, 672 (Ct. App. 1991) ("Conversion is the unauthorized exercise of ownership over the personal property of another."); *Brannon*, 371 S.C. at 364, 638 S.E.2d at 109 (explaining conversion may occur through the misuse or illegal detention of another's personal property); *Gauld v. O'Shaugnessy Realty Co.*, 380 S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008) ("[T]he evidence should allow the court or jury to determine the amount of damages with reasonable certainty or accuracy.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.